## In re Sewickley Township Taxpayers' Association

*Wm. T. Dom* and *Kunkle & Trescher*, for petitioners.

O'CONNELL, J., March 24, 1954.—We have before us In re Application for Charter of the Sewickley Township Taxpayers' Association. The petition was presented to this court on January 22, 1954, and has been under study since that time.

The proposed corporation has for its purpose or purposes:

"To study the tax problems of the residents of the Township of Sewickley, Westmoreland County, Pennsylvania, particularly with regard to the operation of the various branches of local government; to inform the taxpayers of the ability and fidelity of public officials; to encourage efficiency and economy in the administration of public affairs; to generally promote the civic welfare of the taxpayers of Sewickley Township looking toward the advancement of the general welfare of Sewickley Township and making it a better place in which to live, and to engage in such activities as may be incidental to the furtherance of the said purpose."

The authority to form corporations of the first class is conferred upon the court of common pleas by the Act of May 5, 1933, P. L. 289, and the pertinent section of the act is section 201, which is as follows:

"Five or more natural persons of full age and of either sex, married or single, at least three of whom are residents of the Commonwealth and citizens of the United States, its territories or possessions, may form a nonprofit corporation under the provisions of this act for any purpose or purposes which are lawful and not injurious to the community."

We are of the opinion that the granting of this charter and the incorporation of the Sewickley Township Taxpayers Association for the purposes set forth in the petition would be injurious to the community. We take judicial notice of the fact from the past history of this

organization and from the litigation which has been numerous, sponsored by this taxpayers' association, which is organized mainly for the purpose of criticizing the public officials and officeholders of the township, that its incorporation would be injurious.

"The duty of the court is somewhat different in passing upon charter applications laid before it from what it is in some other matters, because it is required by the law to certify that the purpose or purposes given in the articles are lawful and not injurious to the community. The applicants must satisfy the court as to the propriety of its certificate, 'otherwise,' in the language of the act, 'the court shall refuse the application.' It should always be borne in mind that in charter applications the applicants are asking the court for a special privilege as to the propriety of granting which, its conscience must be satisfied": In re Animal Protective and Rescue League, etc., 84 D. & C. 537, 540.

It is evident that this Sewickley Township Taxpayers' Association, from its past actions and from the purposes set forth in the petition for incorporation, have in contemplation the incorporation of a group to be the constant watchdog and guardian of the public, with perpetual existence. In a democracy such as ours, we cannot see the necessity for such an incorporated body. The people who have been elected to offices have been elected by the people who have the same right to retire them from office as they had to elect them in case they do not prove satisfactory. It is evident that this is a self-appointed group who intend to maintain a high degree of fidelity among the officeholders and, as they put it, inform the taxpayers of the ability and fidelity of public officials. We are of the opinion that they have this right as individuals but that the incorporation of a group for this purpose would be injurious to the community.

"We do not question the right of individuals 'to disseminate information and opinion on world affairs and on the political and other social factors and influences affecting and bearing upon the foreign, national and domestic policies of the United States and the several States thereof, and thus and otherwise to promote and engage in the education of the citizens of the United States, wherever they may be, in the arts of government and social coöperation and in the sciences pertaining thereto'. That is their constitutional privilege. But such rights are in the citizens themselves and not in a corporation": In re Incorporation of National Legion of the American People, 38 Luz. 78, 80.

We believe that such a corporation as is here proposed would divide the community into conflicting factions and would not be beneficial. To have an incorporated group constantly infringing on the rights of the public servants elected to office and attempting to exert their will upon the officeholder, in the opinion of this court, would be injurious to the community rather than beneficial.

"Byers has his partisans, and they have manifested more or less ill feelings toward the members of the league. Taking it all in all it is a most unhealthy and unhappy condition of affairs in the township. To grant the charter will tend to intensify and perpetuate this feeling, which will be a distinct injury to the community. We cannot find and certify that the real purposes of the proposed corporation will not be injurious to the community": Citizens League of Wheatfield Township, 65 D. & C. 70, 81.

### Decree

And now, March 24, 1954, upon consideration of the petition for articles of incorporation of the proposed corporation named Sewickley Township Taxpayers' Association, the application is refused.